UNITED STATES of America ex rel. Carl B. HORNELL and Mary A. Hornell, Plaintiffs,

v.

ONE 1976 CHEVROLET STATION WAGON, SERIAL NO. 1L45U6S107585 et al., Defendants.

Civ. No. 76-222.

United States District Court, D. New Mexico.

Dec. 15, 1976.

Robert C. Ericson, Michael M. Celestre, Window Rock, Ariz., for plaintiffs.

Fred McCarthy, Timothy Vidal, Gallup, N.M., Jerrald J. Roehl & Associates, Albuquerque, N.M., for Navajo Motors.

Peter J. Adang, Albuquerque, N.M., for Merchants Bank of Gallup.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

This matter having come on for consideration upon the joint motion of the defendants, Navajo Motors and The Merchants Bank, to dismiss the plaintiffs' second claim and for an order dismissing the second claim.

The Court has considered the memoranda filed, together with the affidavits, exhibits, depositions, and the entire file in this cause and concludes that the motion is well taken and should be granted.

This is an action for money damages brought under the Federal Truth in Lending Act, 15 U.S.C. Section 1601 et seq., and Federal Reserve Board Regulation Z, 12 C.F.R. Section 226.1 et seq.

The plaintiffs, Mary A. and Carl B. Hornell, purchased an automobile from the defendant, Navajo Motors, Inc. (hereinafter Navajo), with the defendant, The Merchants Bank, Inc. (hereinafter Merchants), lending plaintiffs the money for the purchase from Navajo. The transaction being a credit purchase, for which a finance charge was imposed, was embodied in a retail installment contract.

Merchants prepared the retail installment contract form in question, supplied it to Navajo, and is a creditor under the provisions of the Truth in Lending Act. Navajo acted as the business conduit and agent for

Merchants in the instant transaction. *See, e. g., Meyers v. Clearview Dodge Sales, Inc.,* 384 F.Supp. 722 (E.D.La.1974); *Kriger v. European Health Spa, Inc.,* 363 F.Supp. 334 (E.D.Wis.1973). In this business relationship between Navajo and Merchants, it is important to note that Navajo did not receive a fee or any type of compensation from Merchants.

The retail installment contract is on one sheet of paper with writing on both sides of the document. 15 U.S.C. Section 1638(a)(9) and Regulation Z, 12 C.F.R. Section 226.-8(b)(4), required the creditor to disclose the default, delinquency, or similar charges payable in the event of late payments. Regulation Z, 12 C.F.R. Section 226.8(a) mandates that all of the required disclosures be made in a *meaningful sequence on one side* of the instrument.

The contract entered into between the parties contains an acceleration clause which is exercisable by Merchants in the event of default. The acceleration clause is located on the reverse side of the contract. Plaintiffs contend that the acceleration clause must appear on the front of the contract in order to comply with the Truth in Lending Act.

In October, 1974, the Federal Reserve Board issued a Staff Opinion Letter concerning disclosure of acceleration clauses in consumer credit transactions. FRB Staff Opinion Letter No. 851, 5 CCH Consumer Credit Guide, ¶ 13,173 (October 22, 1974). The pertinent provisions of the opinion letter provides:

> This is in response to your letter of June 26, inquiring whether an acceleration clause in an installment contract is a "charge" payment in the event of late payment within the meaning of Section 226.8(b)(4) . . . of Regulation Z and therefore must be disclosed with other required items.
>
> For the purposes of Truth in Lending disclosures, this staff views an acceleration of payments as essentially a prepayment of the contract obligation. As such, the disclosure provisions of Section 226.-8(b)(7) . . . of the regulation,

which require the creditor to identify the method of rebating any unearned portion of the finance charge or to disclose that no rebate would be made, apply. If the creditor rebates under one method for acceleration and another for voluntary prepayment, both methods would need to be identified under Section 226.8(b)(7). Failure to disclose the method of rebate or non-rebate would be a violation of the Truth in Lending Act.

> If, under the acceleration provision, a rebate is made by the creditor, in accordance with the disclosure of the rebate provisions . . . we believe that there is no *additional* "charge" for late payments made by the customer and therefore no need to disclose . . . . On the other hand, if upon acceleration of the unpaid remainder of the total of payments, the creditor does not rebate unearned finance charges . . . , any amounts retained beyond those which would have been rebated under the disclosed rebate provisions represent a "charge" which should be disclosed . . . . .

■ The interpretations of the Federal Reserve Board of its own regulations promulgated under the Truth in Lending Act are entitled to be given great weight. *See, e. g., Mourning v. Family Pub. Serv., Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

■ In the action at bar the retail installment contract does provide on the front of the instrument, with the other disclosures, the method for rebating unearned interest upon prepayment.

New Mexico law also requires the rebate of unearned interest to a debtor after acceleration of an installment obligation. New Mexico Bank Installment Loan Act, Section 48-21-5, N.M.S.A. (1975 Supp.). The contract in controversy does disclose the method for rebating unearned interest to the debtor which complies with the requirements of Section 48-21-5, *supra,* and FRB Staff Opinion Letter No. 851, *supra.*

In *Johnson v. McCrackin-Sturman Ford, Inc.,* 527 F.2d 257 (3rd Cir. 1975), a case factually similar to the one at bar, the Court declared:

> Thus, we conclude that the phrase "default, delinquency and similar charges" in section 128(a)(9) of the Truth in Lending Act mandates disclosure only of specific monetary sums, in addition to the amounts already due under the loan, that are imposed because of late payment of an installment or installments. A right of acceleration under which the creditor must rebate the unearned portion of the finance charge is not encompassed within the disclosures required by section 128(a)(9). When a creditor is required to rebate the unearned portion of the finance charge upon acceleration, the result is a shortening of the time for repayment of the principal, not the assessment of an additional penalty charge. The borrower incurs no cost other than that disclosed on the face of his credit contract. The creditor is merely given the right to pursue his remedies against the defaulting borrower without awaiting the expiration of the term of the contract. (Citations omitted).

*Id.* at 266.

The action at bar is distinguishable from *Begay v. Ziems Motor Co.,* Civil Action No. 74–621 (D.N.M.1975) (appeal pending). In *Begay, supra,* the defendant was the retailer seller, Ziems Motor Company (hereinafter Ziems). Ziems by selling a motor vehicle to the plaintiffs was acting as a retail seller under the New Mexico Motor Vehicle Sales Finance Act. Section 50–15–1 et seq., N.M.S.A. (1953 Comp.). The Motor Vehicle Sales Finance Act, *supra,* itself, does not require that a retail seller rebate unearned interest to a debtor after acceleration upon default.

While in the action at bar the defendant Navajo, the seller, was the business conduit and agent for defendant Merchants, the real party in interest. Moreover, Merchants, a bank, acting as a "sales finance company" under the Motor Vehicle Sales Finance Act, *supra,* stands in a different statutory position than did Ziems in *Begay, supra,* because of the effect of the New Mexico Bank Installment Loan Act, *supra.* That Act requires the "sales finance company" to rebate unearned interest. Section 48–21–5, *supra.*

In summary, the contract does meet the requirements of the law and the regulations.

In light of the holding of the Court, it is unnecessary to consider the other contentions in the defendants' motion to dismiss. It is also the opinion and judgment of the Court that the contentions raised by plaintiffs in opposition to the motion to dismiss and in support of their motion for summary judgment are without merit.

Accordingly, the motion to dismiss the second claim for failure to state a cause of action will be granted.